UNITED STATES v. AMERICAN EXPRESS CO. (two cases).

(Circuit Court, S. D. New York.   May 24, 1905.)

Nos. 3,698, 3,715.

CUSTOMS DUTIES—CLASSIFICATION—DRILLED INDUSTRIAL DIAMONDS—BORT.

   Industrial diamonds of the description known as bort, which have been pierced by a process of drilling or cutting, are not dutiable as diamonds advanced by cutting or other process, under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 435, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], but are free of duty as "bort," under paragraph 545, Free List, § 2, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683].

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions in question reversed the assessment of duty by the collector of customs at the port of New York, and related to the construction of paragraphs 435 and 545, Tariff Act July 24, 1897, the pertinent portions of which read as follows:

   "435. Diamonds * * * advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, and not set, ten per centum ad valorem." Chapter 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676].

   "545. Diamonds and other precious stones, rough or uncut, and not advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, including miners', glaziers' and engravers' diamonds not set, and diamond dust or bort." Free List, § 2, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683].

The opinion filed by the Board in one of the cases reads as follows (G. A. 5,783, T. D. 25,565):

   Sharretts, General Appraiser.   The importations, the subject of these protests, consist of 120 industrial diamonds which are of the description known as bort, and, were it not for the fact that each stone has been pierced by a process of drilling or cutting, no dispute would have arisen regarding their right to free entry under the provisions of paragraph 545 of the free list, Act July 24, 1897.   Because of the diamonds having been drilled, however, the collector assessed them with duty at 10 per cent. ad valorem under paragraph 435, against which exaction the importers duly protest, claiming the merchandise to be exempt from duty under paragraph 545.

   It will be observed that paragraph 435 provides for diamonds of two descriptions, namely:   (1) Such as are capable of being cut and set as jewelry; (2) those not suitable for ornamental use because of their inferiority of color, etc., and which are intended for industrial purposes.   Diamonds of the first description, if set, become jewelry, as provided in paragraph 434; if cut, but not set, they are dutiable at 10 per cent. ad valorem under paragraph 435. Those of the second description, if set in drills, dies, and other industrial instruments, would not be commonly known as jewelry, although excluded from free entry under paragraph 545 by terms.   In re John Hope & Sons (C. C.) 100 Fed. 286.   Miners', glaziers', and engravers' diamonds, although cut to some extent for the purpose of giving a superior cutting surface to the stones, are nevertheless free under paragraph 545, if not set; and, finally, diamond dust is neither capable of being cut nor set, and hence it would seem that the limitations applying to diamonds of the first kind are not alike applicable to those of the second description.   Certainly they do not apply to diamond dust or bort.

   It is obvious that Congress intended that a class of merchandise not produced in this country, and which is used exclusively for industrial purposes, should be exempt from duty, and we cannot suppose that miners, engravers, and gla-

ziers are to be the sole beneficiaries of the tariff act. The bort in question was designed for use of wire makers—a very important industry in this country—and, as shown by the testimony, is in the crudest form in which bort can be imported for that purpose. Each of the 120 stones was rough drilled abroad, for the reason that such drilling cannot be done in this country. After importation these stones have to be re-cut and re-bored, in order to complete a die suitable for drawing wire to a specific size. It is only with the unfinished article that the Board is now dealing.

The evidence further shows that the diamonds in dispute are commercially known as "drilled bort," and inasmuch as this substance is provided for in paragraph 545 without qualifying words, it follows that a prefix added to the word "bort" does not exclude it from entry under this paragraph. Shoellkopf v. U. S., 71 Fed. 694, 18 C. C. A. 301; Chew Hing Lung v. Wise, 176 U. S. 156, 20 Sup. Ct. 320, 44 L. Ed. 412. Precisely the same issue as that presented in the cases before us was decided adversely to the government in the United States District Court for the District of Connecticut in U. S. v. Fifteen Drilled Diamonds, 127 Fed. 753. On the authority of that decision we sustain the claim in the protests that the bort in question is entitled to free entry.

The collector's decision in each case is reversed.

Charles Duane Baker, Asst. U. S. Atty.
James, Schell & Elkus, for importers.

TOWNSEND, Circuit Judge. Decision of the Board of General Appraisers affirmed.